*Williams & Brown, N. McMercer, for appellant.*

*Baird & Murray, for appellee.*

---

JOSIAH MAGRUDER, ET AL., *v.* A. G. SPARKS.

**Homestead.**

> When one owns land but has no residence upon it, but has built a house on his wife's land and resides there with his family he cannot claim a homestead on his own land as against his creditors.

APPEAL FROM HENRY CIRCUIT COURT.

October 31, 1877.

OPINION BY JUDGE ELLIOTT:

George P. Hill died in Henry county, the owner of one hundred-twenty acres of land, which descended to his five children and heirs-at-law, of whom the appellant, M. A. Magruder, was one. After

her father's death she bought one of her brothers' interests in the land; and the evidence conduces to the conclusion that she bought thirty acres of the tract from her co-heirs, the sale of which was made necessary for the payment of decedent's debts. This tract of land was never partitioned, but many years ago appellants entered on the land and erected a dwelling house upon it and have continued to reside thereon ever since.

Some time after appellants had erected their dwelling house and other buildings on the premises, appellant, Josiah Magruder, bought out the interest of Mrs. Smithers in the land, she being an heir-at-law of G. P. Hill, deceased.

After the purchase an execution issued on a judgment in appellee's favor against appellant, Josiah Magruder, and others, and was levied on the undivided interest which Magruder had bought of Mrs. Smithers in the Hill tract of land, and the same being afterward sold, the appellee became the purchaser at the execution sale, and the sheriff who sold the land afterward made him a deed therefor, and this suit was brought for the possession of the land sold as Josiah Magruder's and bought by appellee.

The appellee insists that he acquired by his execution sale, one-fifth of the whole tract of land, which would be one-fifth of one hundred twenty acres.

It is, however, in proof that by a general arrangement and agreement amongst the heirs of G. P. Hill it was agreed that it was necessary to sell thirty acres of the land for the payment of decedent's debts, and that the thirty acres was sold to Mrs. M. A. Magruder, who paid up the debts, and although this sale is not evidenced by any deed or other writing, it is proved verbally without objection, and therefore the appellants were not required to produce the deed or other evidence of title.

It is contended, however, by appellant, Josiah Magruder, that he is entitled to a thousand dollars' worth of the land sold under appellee's execution as a homestead. This position would be correct if the residence had not been erected on his wife's land and before he owned any interest in the tract at all. When they moved on the land and erected their dwelling house and other buildings thereon they took actual possession of Mrs. Magruder's interest in the land, and she will have a right when the whole tract is partitioned to have the dwelling house, etc., included in the boundary laid off to her, and as the dwelling house is worth more than $1,000, of course none of the land bought by appellant, Josiah Magruder, from Mrs.

Smithers can be laid off or set apart to him as a homestead. He already has a homestead worth more than a thousand dollars located on his wife's land, and as he does not reside on his interest in the tract he cannot have it set apart to him as a homestead.

Wherefore the judgment is *affirmed*.

*Caldwell & Harwood, for appellants.*

*Strother & Orr, for appellee.*